[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 97-1651

SINFOROSO NIEVES-RODRIGUEZ, ET AL.,

Plaintiffs, Appellants,

v.

UNITED STATES OF AMERICA,

Defendant, Appellee.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Dominguez, U.S. District Judge] 



Before

Selya, Circuit Judge, 
Campbell, Senior Circuit Judge, 
and Lynch, Circuit Judge. 



Israel Roldan Gonzalez on brief for appellants. 
Guillermo Gil, United States Attorney, and Fidel A. Sevillano Del 
Rio, Assistant United States Attorney, on brief for appellee. 



October 16, 1997


Per Curiam. We have reviewed the briefs submitted by 

the parties and the record on appeal, and we affirm.

Appellants challenge the lower court's determination that the

actions of the government in this case were protected by the

discretionary function exception to the Federal Tort Claims

Act, 28 U.S.C. 2674 & 2680(a). 

A decision constitutes a discretionary function where 1)

the action involves an element of choice, and 2) the action

involves the kind of judgment Congress intended to protect.

Berkovitz v. United States, 486 U.S. 531, 536-37 (1988). 

Congress intended to prevent courts from second-guessing

social, economic or political policy decisions made by the

other two branches of government. United States v. S.A. 

Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 

U.S. 797, 814 (1984). We agree that the decision to erect a

steel pole barrier on the perimeter of Punta Borinquen Air

Base, so as to prevent entry of automobiles onto the base in

accidents, was the exercise of a discretionary function.

Certainly no statute or regulation required or prohibited

placement of the barrier, so an element of choice was

involved. Berkovitz, 486 U.S. at 536. Further, the decision 

was the type of policy decision Congress intended to immunize

from suit. Before the barrier was erected, cars involved in

accidents in this spot would commonly go through the chain

link fence surrounding the base. The barrier prevented

-2-

unauthorized cars from entering the secured base. The courts

have no place second-guessing military commanders' decisions

regarding how best to secure military bases. Varig Airlines, 

467 U.S. at 814. This court has held that such decisions are

protected under the discretionary function exception, even

where they involve a "'trade-off between greater safety and

greater combat effectiveness.'" Ayer v. United States, 902 

F.2d 1038, 1044 (1st Cir. 1990) (quoting Boyle v. United 

Technologies Corp., 487 U.S. 500, 511 (1988)). 

Appellants' second claim alleges the government acted

negligently in failing to provide adequate warning of the

barrier; they challenge the lower court's ruling that that

decision also was protected by the discretionary function

exception. We express no opinion on this issue, since the

lower court alternatively found that even if the decision was

not protected under 28 U.S.C. 2680(a), the claim failed on

the merits since the government acted reasonably in providing

the amount and type of warning given.1 1

Affirmed. See Loc. R. 27.1. 

 

1The Magistrate's Opinion states: "The government, the 1
defendant herein, has provided to all those traveling on
Hangar Road proper and reasonable notice and warnings, within
their means." Mag. Opin. at 27.

-3-